OPINION OF THE COURT
RENDELL, Circuit Judge.
Kevin Ortega and Edwin Molina are co-defendants who pled guilty to conspiring to distribute cocaine base. On appeal, Ortega challenges the District Court’s denial of his motion to withdraw his guilty plea and Molina challenges the District Court’s calculation of his sentencing guidelines. In the middle of their trial, both Ortega and Molina entered into plea agreements with the government that contained identical appellate waivers. The waivers bar all claims on appeal except those contending that (1) the defendant’s sentence exceeds the statutory maximum; (2) the sentencing judge erroneously departed upward from the sentencing guidelines; or (3) the sentencing judge imposed an unreasonable sentence above the sentencing guideline range. On appeal, neither defendant mentions, let alone challenges, the waiver, nor do they explain how their challenges fall within an exception to the waiver.
Molina contests the District Court’s calculation of his sentencing guideline range, specifically the Court’s application of a 2-point enhancement for obstruction of justice. Molina’s challenge is undoubtedly covered by the appellate waiver, as the waiver precludes appeals brought under 18 U.S.C. § 3742. See United States v. Price, 558 F.3d 270, 284 (3d Cir.2009). Molina does not contend that the waiver was not knowing and voluntary, that enforcing the waiver would result in a miscarriage of justice, or that his challenge to the District Court’s calculation of the guidelines falls under one of the three exceptions to the waiver. Molina’s claim is thus unreviewable on appeal. We will en *213 force the waiver of appeal and AFFIRM Molina’s sentence.
Ortega contends that the District Court abused its discretion in denying his motion to withdraw his guilty plea. He asserts that we have jurisdiction to hear this appeal under 18 U.S.C., § 3742 and 28 U.S.C. § 1291. However, the appellate waiver in his plea agreement specifically states that he waives all rights to appeal or collaterally attack his conviction or sentence under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. Like Molina, Ortega makes no argument as to why this waiver does not apply. Therefore, we also decline to reach the merits of Ortega’s argument and will AFFIRM his conviction and sentence.